# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAUL COPP, | : | CIVIL ACTION NO. |
| *Plaintiff*, | : | Docket No: 3:03CV119 (AWT) |
| v. | : | |
| THE STATE OF CONNECTICUT DEPARTMENT OF VETERAN'S AFFAIRS, <u>ET AL.</u>, | : | |
| *Defendants* | : | SEPTEMBER 11, 2006 |

### **MOTION IN OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN**

Pursuant to Local Rule of Civil Procedure 41(b), the Defendants in the above-captioned matter object to Defendant's Motion to Re-Open filed on August 8, 2006.

On May 25, 2006 a settlement conference was held between Mr. Copp, Assistant Attorney General M.J. McCarthy, and Magistrate Martinez. At the conclusion of the settlement conference, the parties agreed to settle the case. In exchange for the case being dropped, the Defendants agreed to, <u>inter alia</u>, (1) pay Mr. Copp $2,500, (2) redact any comments contained in Mr. Copp's file indicating that he had anything to do with the alleged sexual assault which was to have occurred on or about October 23, 2000, and (3) announce at the next "Safety Meeting" that the litigation had been settled and distribute at the meeting a letter to Mr. Copp dated November 8, 2000 from the previous commissioner praising Mr. Copp.

On June 18, 2006, Assistant Attorney General McCarthy mailed to Mr. Copp a Settlement Agreement memorializing the terms agreed to at the May 25 Settlement Conference. Included in the mailing was a Stipulation of Dismissal. None of the papers were returned. Instead, Mr. Copp sent a letter to the Court – dated June 4th, but received by our office on July 6 – indicating that the written agreement sent to him was "unacceptable," and outlining several objections.

On July 27, Judgment was entered in the case ordering that it be dismissed. On August 8, Mr. Copp filed a "MOTION TO RE-OPEN, AND ENFORCE THE SETTLEMENT AGREEMENT," (hereafter "Motion to Re-Open") and on August 17 the Court held a Settlement Conference. At the latter conference, Mr. Copp reiterated that he would not sign the agreement as drafted and a further agreement was not reached.

Local Rule 41 (b) provides:

> When counsel of record report to the Court that a civil action pending on its docket has been settled between the parties and no closing papers are filed within thirty (30) days thereafter, the Clerk shall enter an order of dismissal. Said dismissal shall be without costs and without prejudice to the right of any of the parties thereto to move within thirty (30) days thereafter to reopen if settlement has not, in fact, been consummated.

Plaintiff's Motion to Re-Open should be denied because Plaintiff is simply attempting to get a better deal than that to which he agreed on May 25 before the Court. Plaintiff entered into a clearly defined settlement agreement before the Court on May 25 and, accordingly, Plaintiff should be denied the opportunity to renegotiate that agreement. Although Plaintiff's Motion to Re-Open asserts that the motion is being brought because "the written Settlement Agreement does not conform to the verbal agreement reached," at

2

the August 17 conference the Court found this assertion untrue, and said so. In fact, the written agreement did conform to the oral agreement reached on May 25.

Indeed, it is difficult to envision how there could be a misunderstanding as significant as Mr. Copp attempts to portray. In his letter received by our office on July 6, Mr. Copp states:

> Since slander is involved the letter [praising Mr. Copp] must be sent to all staff and respondents who were employed or in residence at the time, during that four month period (prior to 12/22/1999). Including those no longer employed or in residence, with a description of the circumstances of the incident and of the reason for the letter being forwarded.

As noted above, the agreement reached at the May 25 settlement conference merely required that such information be provided at the next "Safety Meeting." It is hard to believe, as Mr. Copp argues, that the Defendants and the Court would have missed such an important condition of settlement.

Furthermore, the granting of Plaintiff's Motion would have a detrimental effect on future settlement conferences. In instances such as this -- where opposing Counsel and the Court itself have a clear written record of the terms governing settlement -- neither party should be permitted to re-open and litigate an otherwise closed matter. Settlement conferences are intended to encourage the parties to agree on terms that will prevent the necessity of further litigation. To allow Mr. Copp to re-open his case would directly contravene such a purpose.

The Department was under the impression that this case was settled, and it had already begun taking steps to conform to the settlement. The Department would be hard pressed to agree to settlements in the future if it knew that one of the settling parties

3

could back out of the settlement at a later time merely because the parties had not yet signed the agreement memorializing the terms.

Finally, it is important to note that denying plaintiff's Motion to Re-Open will merely mean that, as far as the Defendant is concerned, the Settlement will proceed in accordance with the May 25 terms.

For the foregoing reasons, Plaintiff's Motion to Re-Open should be denied.

                              DEFENDANTS
                              DEPARTMENT OF VETERANS
                              AFFAIRS, ET AL.

BY: _____/s/_____
      Darren P. Cunningham
      Assistant Attorney General
      Federal Bar No. ct25380
      55 Elm Street
      P.O. Box 120
      Hartford, CT  06141-0120
      Tel: (860) 808-5210
      Fax: (860) 808-5385
      darren.cunningham@po.state.ct.us

**CERTIFICATION**

      I hereby certify that a copy of the foregoing Motion In Opposition To Plaintiff's Motion To Re-Open was filed electronically with a copy mailed on this 11th day of September, 2006, first class postage prepaid to:

Mr. Paul Copp
Apt. 1210
100 Executive Square
Wethersfield, CT 06109-3820
(860)436-9650

                                              _____/s/_____
                                              Darren P. Cunningham
                                              Assistant Attorney General