UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAUL COPP, | : | CIVIL ACTION NO. |
| *Plaintiff*, | : | Docket No: 3:03CV119 (AWT) |
| | : | |
| v. | : | |
| | : | |
| THE STATE OF CONNECTICUT | : | |
| DEPARTMENT OF VETERAN'S | : | |
| AFFAIRS, <u>ET AL.</u>, | : | |
| *Defendants* | : | SEPTEMBER 20, 2006 |

### MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a), the Defendants in the above-captioned matter object to Plaintiff's Motion to Amend his complaint[1] filed on September 1, 2006. Plaintiff's motion seeking leave to amend his complaint should be denied because plaintiff's action was dismissed on July 28, 2006.

On May 25, 2006, at a settlement conference held before Magistrate Martinez, Plaintiff and counsel for the Defendants agreed to settle the case. Judgment dismissing the case based on that oral settlement agreement was entered pursuant to Local Rule 41(b) on July 28, 2006. On August 8, 2006, Mr. Copp filed a motion seeking to reopen his case. Defendants filed a memorandum in opposition to reopening the case on September 11, 2006, and plaintiff's motion remains pending.

Plaintiff's motion to amend his complaint should be denied because judgment has been entered dismissing the case, and thus there is no complaint pending which may be amended. <u>See</u>, e.g., <u>Markert v. Swift & Co.</u>, 173 F.2d 517, 519 (2d Cir. 1949) ("[T]he

---

[1] Plaintiff has previously amended his complaint, and leave of court is now required before Plaintiff may amend his complaint.

1

judgment of dismissal should be reopened before an amendment to the complaint is granted.")  As noted above, plaintiff has a motion pending before the court wherein he seeks to have his case reopened.[2]  The defendants have opposed that motion and believe that the granting of that motion is a necessary precondition to plaintiff's motion seeking leave to amend.

For the foregoing reasons, plaintiff's motion seeking leave to amend his complaint should be denied.

                          DEFENDANTS
                          DEPARTMENT OF VETERANS
                          AFFAIRS, ET AL.

BY:  _____/s/_____
     Darren P. Cunningham
     Assistant Attorney General
     Federal Bar No. ct25380
     55 Elm Street
     P.O. Box 120
     Hartford, CT  06141-0120
     Tel: (860) 808-5210
     Fax: (860) 808-5385
     darren.cunningham@po.state.ct.us

---

[2] If plaintiff's motion to reopen is granted before his motion seeking leave to amend is decided, defendant's request the opportunity to object on other grounds to plaintiff's motion seeking leave to amend.  In addition to being untimely, plaintiff's motion seeking leave to amend should be denied on the grounds of futility, undue delay and prejudice.  See Foman v. Davis, 371 U.S. 178, 182 (1962).

**CERTIFICATION**

I hereby certify that a copy of the foregoing Motion In Opposition To Plaintiff's Motion To Re-Open was filed electronically with a copy mailed on this 20th day of September, 2006, first class postage prepaid to:

Mr. Paul Copp
Apt. 1210
100 Executive Square
Wethersfield, CT 06109-3820
(860)436-9650

_____/s/_____
Darren P. Cunningham
Assistant Attorney General