United States District Court
District of Connecticut
@ Hartford

FILED

2006 DEC -6 A 11: 08

Paul Copp
    Plaintiff
V.                                                                         Case No. 3:03CV00119 (AWT)
State of Connecticut
Dept. of Veterans Affairs, et al
    Defendants

## Motions

(On 8/10/06 Judge A.W. Thompson referred plaintiff's motion to re-open the case and to enforce the settlement agreement to Magistrate Judge Donna F. Martinez)

1. Motion to reopen the case.

2. Motion to implement the pending motion before the Court to add the claim of harm caused by, and due to carcinogenic environments existing at the Dept. of Veterans Affairs Rocky Hill Facilities.

3. Motion to implement the pending motion before the Court to add the claim of harm due to violations of R.I.C.O. violations at the D. of V.A. Rocky Hill Facilities.

4. Motion to proceed with the balance of plaintiff's depositions, and to go forth with the Jury Trial.

## Argument.

In communicating with the Assistant Attorney General regarding this matter, and in order to go forward, he states:

"that as far as my client is concerned we did settle this case on reasonable terms." (1) It is his client's position that the case is closed (2) should not be reopened, and (3) no other motions (especially those concerning discovery) can be considered while the case is closed.

The plaintiff argues that the agreement reached, was incomplete and misstated in the hard copy provided by the defendants for agreement and signature; so that the case is not settled; and the mechanics of the "local rules" which caused the case to be marked closed was in light of circumstances not correct. In fact in the Assistant Attorney Generals letter to Hon. Donna F. Martinez of August 24, 2006, he states that his client is open to all reasonable offers of settlement. The Assistant Attorney General has also made attempts obtain concessions from his client. In the same letter he also states that "The parties were also instructed (by Judge Martinez), to continue all attempts to settle the case amicably." From that statement, it is obvious to the plaintiff, that the Court, also, does not believe the case is settled or closed.

Paul Copp, Plaintiff, pro-se
100 Executive Square, Apt. 1210
Wethersfield, CT 06109
(860) 436-9650

Date: December 6, 2006

Sent to: Assistant Attorney General Darren P. Cunningham, State of CT, 55 Elm Street, P.O. Box 120, Hartford CT 06141-0120 on December 6, 2006.


**Hotmail**

copppaul@hotmail.com

Printed: Monday, December 4, 2006 10:23 AM

| | |
|---|---|
| **From :** | Cunningham, Darren P. <Darren.Cunningham@po.state.ct.us> |
| **Sent :** | Tuesday, November 28, 2006 3:31 PM |
| **To :** | "paul copp" <copppaul@hotmail.com> |
| **Subject :** | RE: Copp v. Dept of VA |

Dear Mr. Copp: Thank you for your email dated today. I hope you, too, had a pleasant Thanksgiving.

With respect to your case, I must again emphasize that as far as my client is concerned we did settle this case on reasonable terms. Further, as I wrote in my motions, our view is that: (1) the case is closed, (2) it should not be reopened, and (3) no other motions (especially those concerning discovery) can be considered while the case is closed.

Since our positions are clearly staked out in our motions, it's unclear to me how our chatting about your motions can be justified given the demands on our time. I believe that I understand your position and I respectfully disagree with it. As far as we are concerned, the matter is closed and we stand ready to fulfill our obligations under the settlement reached on May 25, 2006.

Regards, Darren Cunningham

**From:** paul copp [mailto:copppaul@hotmail.com]
**Sent:** Tuesday, November 28, 2006 11:25 AM
**To:** Cunningham, Darren P.
**Subject:** Copp v. Dept of VA

I hope you had a pleasant Thanksgiving.

I believe it would be useful for us to chat.

It is obvious to me that your client is not interested in a reasonable out of court settlement of the matter before the Court. I am less than pleased, and no longer interested, or willing to accept the terms previously discussed, especially the amount.

So, lets proceed with the Jury Trial.

I will require depositions of a dozen persons, most of which are currently employed at the Rocky Hill facility. I will be asking the Judge continue the existing mechanics.

We should chat about my motions now before the Court, which I will ask the Court to act on ASAP, along with a status conference.

Paul Copp
(860) 436-9650
Copppaul@hotmail.com

p.s. If, in your opinion, it would be useful for me to send a copy of this note to Judge Martinez, I will do so.

View Athlete's Collections with Live Search

RICHARD BLUMENTHAL
ATTORNEY GENERAL



55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Office of The Attorney General
## State of Connecticut

Tel: (860) 808-5210
Fax: (860) 808-5385

August 24, 2006

<u>VIA FAX: (860) 240-3614</u>

Hon. Donna F. Martinez
450 Main Street
Hartford, CT 06103

RE:  Copp v. Department of Veterans' Affairs, 3:03CV119 (AWT)

Dear Judge Martinez:

A settlement conference was held in the aforementioned case on August 17, at which time Your Honor instructed counsel for the Department of Veterans' Affairs ("The Department") to determine the burden of contacting all employees of the Veterans' Hospital and Home from November 1999 until November 2000. The parties were also instructed to continue all attempts to settle the case amicably.

My client has informed me that it would be overly burdensome to ascertain and contact the employees who worked for the Department for the time frame mentioned above. The Department estimates that there were some 800 employees during the relevant time period; 270 full time, 130 part time, and 400 veteran workers. In addition, turnover among the full time nursing staff is very high: the Department estimates that the full-time nursing staff loses 10 – 15% of its personnel each year. Finally, the Department spends $1 million annually on part-time staff, and often this staff consists of workers chosen by outside agencies. In this case, ascertaining the names of these part time workers could only be achieved by reviewing of old time cards. The Department feels that this information would be difficult to obtain and extremely time consuming.

On August 23, I spoke with Mr. Copp and informed him of the Department's position. I also informed him that, as an alternative, the Department would undertake two additional steps: (1) increase the number of meetings[1] at which it would read the agreed upon statement and distribute copies of the previous Commissioner's letter praising Mr. Copp, and (2) post on several Department bulletin boards the same letter. Mr. Copp agreed to call me on August 24 with his response.

---

[1] I was informed that in addition to the "Safety Meetings" there are monthly meetings of the medical staff, recreational committee, etc.

Darren P. Cunningham
August 24, 2006
Page 2

On August 24, Mr. Copp called to inform me that he was willing to limit the "contact list" to the 270 full time employees, so long as the monetary portion of the settlement was increased by $12,000. Mr. Copp indicated that he had contacted a friend in the "executive search business" and that this figure represented the cost he would incur in order to contact the remaining 520 or so persons. I brought Mr. Copp's offer to the Department and was informed that the Department was unwilling to accept Mr. Copp's offer. I contacted Mr. Copp with the Department's response and he informed me that he was unwilling to accept my previous counter proposal.

Given the above, the Department plans at this point to contest Mr. Copp's motion to reopen the case, and will respond to that motion by the courts' September 13 deadline. The Department hopes that Mr. Copp will consider settling his case consistent with the terms previously discussed plus the Department's recent concessions and is open to all reasonable offers of settlement.

Very truly yours,

Darren P. Cunningham
Assistant Attorney General

c: Mr. Paul Copp (Apt. 1210)
   110 Exec. Square
   Wethersfield, CT 06109-3820

United States District Court
District of Connecticut
@ Hartford

Paul Copp
    Plaintiff
V.                                    Case No. 3:03CV00119 (AWT)
State of Connecticut
Dept. of Veterans Affairs, et al
    Defendants

**Motion add to and to Amend Complaint**

**Amendments:**

**Claim 1. R.I.C.O. claim.**

The Dept. of Veterans Affairs of the State of Connecticut is an organization that has become, and is, a unit that fits the legal requirements for prosecution under R.I.C.O., because of their long term pattern of criminal activity that will be prosecuted, including such influence as to tamper with: evidence, witnesses, victims, and informants. To prohibit local law enforcement from investigations, and the obstruction of justice, pertaining to the facility and its staff.

**Claim 2. Carcinogenic Environments.**

Denying a smoke free environment in the Hospital and in the Residence making the beginning of smoking almost certain, and the secession of smoking impossible. Causing the inhaling of second hand smoke and toxins; for instance it is impossible to go to lunch without inhaling second hand smoke. Causing persons that had stopped smoking, as the plaintiff, to resume.

Providing cigarette vending machines, and even handing out free cartons of cigarettes.

Respectfully:


**Paul Copp, Plaintiff, Pro-se**                      Date:_____
100 Executive Square, Apt 1210
Wethersfield, CT 06109
(860) 436-9650
e-mail: copppaul@hotmail.com