UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAUL COPP, | : | CIVIL ACTION NO. |
| *Plaintiff*, | : | Docket No: 3:03CV119 (AWT) |
| | : | |
| v. | : | |
| | : | |
| THE STATE OF CONNECTICUT | : | |
| DEPARTMENT OF VETERAN'S | : | |
| AFFAIRS, ET AL., | : | |
| *Defendants* | : | January 19, 2007 |

**SUPPLEMENTAL MEMORANDUM**
**IN OPPOSITION TO PLAINTIFF'S MOTIONS**

Defendants in the above-captioned matter object to Plaintiff's various motions[1] seeking to open and otherwise continue litigating his case, which was dismissed on July 28, 2006. Once again, Plaintiff's various motions should be denied because Plaintiff's action was dismissed and he has failed to demonstrate good cause for reopening the judgment. The court's dismissal occurred as a result of Plaintiff having entered into an oral settlement agreement before the court, the terms of which were completely and accurately memorialized into an agreement and release the Plaintiff later refused to sign. The Plaintiff should not be permitted to drain the resources of the Defendants and the court simply because he changed his mind. Accordingly, his motions to reopen the case and continue litigating it should be denied.

On May 25, 2006, at a settlement conference held before Magistrate Martinez, Plaintiff and counsel for the Defendants agreed to settle the case. In fact, Court records

---

[1] A similar memorandum in opposition was filed by Defendants on September 20, 2006, and is herein incorporated by reference. An evidentiary hearing "on the plaintiff's Motion to Re-Open, and Enforce the Settlement Agreement (doc. #77)" has been scheduled by the court to be held on January 25, 2007.

1

state that case was settled.  See Docket Report, Document #73, 5/25/2006 ("SETTLEMENT CONFERENCE held.  Case settled.")  On June 18, 2006, Assistant Attorney General McCarthy mailed to Mr. Copp a Settlement Agreement memorializing the terms agreed to at the May 25 Settlement Conference.  Included in the mailing was a Stipulation of Dismissal. None of the papers were returned.  Judgment dismissing the case based on that oral settlement agreement was entered pursuant to Local Rule 41(b) on July 28, 2006.  The judgment of dismissal provided:

> Counsel of record having reported to the court on May 25, 2006, that the above-entitled case has settled;
> It is accordingly ORDERED that this action be and is hereby dismissed without costs and without prejudice to the right of any parties to move within 30 days to reopen the case if the settlement has not been consummated.  (Emphasis added.)

By letter dated August 7, 2006, Plaintiff filed a motion seeking to reopen his case.  The following grounds were given: "As the written agreement does not conform to the verbal agreement reached; and the Defendant will not cooperate with the Plaintiff and with the Court; the Plaintiff moves to re-open and enforce an agreed agreement."  On September 11, 2006 Defendants filed a memorandum in opposition to reopening the case.  Plaintiff's motion remains pending and an evidentiary hearing on it will be held January 25, 2007.

Although Plaintiff has sought to reopen the case on various pretexts (see Plaintiff's letter dated June 4, 2006 and also Plaintiff's letter dated August 7, 2006, quoted above), he fails to demonstrate that defendants were unwilling to comply with the settlement terms.  Defendants did all that they could to consummate settlement and are therefore not responsible for the current status. Any failure, instead, is due to the

Plaintiff's own conduct.  Plaintiff cannot be heard to complain about a non-compliance that he himself has caused.  Because Plaintiff cannot show that failure to consummate the settlement is Defendants' fault, and because Defendants in fact complied with that agreement, there is no cause to reopen the case.  The judgment of July 28, 2006, dismissing the case should remain in effect.

Contrary to Plaintiff's assertions, there is thus no complaint that can be amended, and no basis for reopening discovery and other proceedings..  See, e.g., Markert v. Swift & Co., 173 F.2d 517, 519 (2d Cir. 1949) ("[T]he judgment of dismissal should be reopened before an amendment to the complaint is granted."); Tibbetts v. Yale, 2005 U.S. Dist. LEXIS 19279 at *5 (Conn. August 31, 2005) ("Because the Court has denied [Plaintiff's] motion to alter or amend the judgment, there is no case or controversy pending before the Court.  The proposed amendments would also be futile and untimely.") (see attached).  Similarly, in terms of proceeding with discovery, Defendants believe that it would be inappropriate and a tremendous misuse of resources for discovery to proceed before the court has ruled on Plaintiff's motions seeking to re-open his case. See id.

Two other statements in Plaintiff's motion dated December 6, 2006 deserve attention.  First, Plaintiff has made clear his argument for opening the judgment: "The Plaintiff argues that the agreement reached, was incomplete and misstated in the hard copy provided by the defendants for agreement and signature."  Unfortunately, Plaintiff's argument is conclusory and does not elaborate as to how the document submitted to Plaintiff was "incomplete and misstated."  Plaintiff fails to support his assertion with any specifics or evidence and thus fails to meet his burden.

3

Suffice it to say, Defendants respectfully assert that the agreement sent to Plaintiff completely and accurately memorialized the May 25, 2006 agreement reached before the court.[2] Indeed, the court stated on August 17, 2006 before both parties that the agreement before her was consistent with her notes from the May 25, 2006 settlement conference. Accordingly, Defendants believe the Court should deny Plaintiff's motion to re-open his case, so long as the Defendants agree to conform to the settlement entered into.[3]

Finally, Defendants wish to challenge Plaintiff's argument that because counsel has agreed to "obtain concessions" from his clients since the case was closed counsel has somehow demonstrated that the case is not settled. Any "concessions" sought by counsel should not be seen as demonstrative of anything other than a desire to following the court's instructions[4] and to dispose of this case in the most cost-effective and efficient manner.

For the foregoing reasons, Plaintiff's motion seeking leave to amend his complaint should be denied.

---

[2] If the court determines that the agreement drafted by former Assistant Attorney General McCarthy does not memorialize the settlement reached before the court, Defendants have no objection to fulfilling the terms as noted by the court.

[3] Oddly enough, Plaintiff's motion is entitled "Motion to Re-Open and Enforce the Settlement Agreement." (Emphasis added). Defendants object to re-opening the case but very much support the court enforcing the settlement agreement entered into before the court on May 25, 2006.

[4] On August 17, 2006, Defendants were "encouraged" by the Court "to continue their discussions." (See docket entry #

4

        DEFENDANTS
        DEPARTMENT OF VETERANS
        AFFAIRS, <u>ET AL.</u>


BY: _____/s/_____
    Darren P. Cunningham
    Assistant Attorney General
    Federal Bar No. ct25380
    55 Elm Street
    P.O. Box 120
    Hartford, CT  06141-0120
    Tel: (860) 808-5210
    Fax: (860) 808-5385
    darren.cunningham@po.state.ct.us

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing Motion In Opposition To Plaintiff's Motion To Re-Open was filed electronically with a copy mailed on this 19th day of January, 2007, first class postage prepaid to:

Mr. Paul Copp
Apt. 1210
100 Executive Square
Wethersfield, CT 06109-3820
(860)436-9650

                                                                                 /s/
                                                Darren P. Cunningham
                                                Assistant Attorney General

**JEFFREY P. L. TIBBETTS, Plaintiff, v. PRESIDENT AND FELLOWS OF YALE COLLEGE ET AL., Defendants.**

Civil Action No. 3:01 CV 1763 (CFD)

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT**

*2005 U.S. Dist. LEXIS 19279*

**August 31, 2005, Decided**

**PRIOR HISTORY:** *Tibbetts v. President & Fellows of Yale College, 2005 U.S. Dist. LEXIS 919 (D. Conn., Jan. 20, 2005)*

**COUNSEL:** [*1] Jeffrey P.L. Tibbetts, Plaintiff, Pro se, Arlington, VA.

For President & Fellows of Yale College, Richard Levin, I/O, James Dittes, Thomas Ogletree, Defendants: Jeffrey R. Babbin, Wiggin & Dana, New Haven, CT.

For Dorothy Robinson, Witness, Jeffrey R. Babbin, Wiggin & Dana, New Haven, CT.

**JUDGES:** CHRISTOPHER F. DRONEY, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** CHRISTOPHER F. DRONEY

**OPINION:**

**RULING ON PENDING MOTIONS**

This is the fifth action filed in the District of Connecticut by the plaintiff, Jeffrey Tibbetts against Yale University and various individuals associated with Yale. n1 On January 20, 2005, the Court granted the defendants' motion to dismiss. Pending is Tibbetts' motion to alter or amend the judgment pursuant to *Fed. R. Civ. P. 59(e)*, and his motion to amend his complaint pursuant to *Fed. R. Civ. P. 15(a)*. For the following reasons, the motions are denied.

---

n1 The first-filed case, Tibbetts v. Dittes, 3:97CV995 (AVC), was assigned to Judge Covello. The three other actions; Tibbetts v. Stempel, 3:97CV2561(CFD); Tibbetts v. Robinson, 3:97CV2682(CFD); and Tibbetts v. Levin, 3:97CV2683(CFD); were consolidated before this Court, and are referred to here as "the three consolidated cases.".

---

[*2]

**I Background**

The factual and procedural history of this case was set forth in the Court's January 20, 2005 ruling on the defendants' motion to dismiss, familiarity with which is presumed. See *Tibbetts v. President and Fellows of Yale College, 2005 U.S. Dist. LEXIS 919, 2005 WL 162382 (D.Conn., Jan. 20, 2005)*.

**II Motion to Alter or Amend the Judgment**

Tibbets seeks to alter or amend the judgment pursuant to *Rule 59(e)*. Tibbetts advances several grounds upon which he claims he is entitled to such relief, each of which will be addressed in turn.

In the ruling dated January 20, 2005, the Court found that counts one and two of the complaint, which sought relief pursuant to *Fed. R. Civ. P. 60(b)(3)* and *60(b)(1)*, respectively, must be dismissed because they were brought beyond the applicable one-year limitations period. See *Rule 60(b)* (requiring that such motions be filed "not more than one year after the judgment, order, or proceeding was entered or taken"). n2 More specifically, the Court concluded that Tibbetts' motions were filed more than one year beyond the date judgment was entered [*3] in Tibbetts v. Dittes, 3:97CV995 (AVC), which was the judgment underlying Tibbetts' *Rule 60* motions in this case. n3 Tibbetts now claims that, because he filed a *Rule 59* motion for a new trial and then appealed to the Second Circuit in Dittes, the Court applied the wrong starting date for the one-year limitations period. More specifically, Tibbetts claims that his *Rule 60(b)(1)* and *(3)* motions in the instant case were timely because they were filed within six months of the final disposition of his *Rule 59* reconsideration motion in Dittes. n4 This argument is without merit.

> n2 The pending motion does not challenge the Court's dismissal of counts three through five of the complaint, or the Court's dismissal of his independent action for fraud on the court. Those counts and the independent action were not dismissed on statute of limitations grounds, but rather were dismissed because they failed to state a claim upon which relief may be granted.

> n3 In this Court's January 20, 2005 ruling, it mistakenly stated that judgment in Dittes was rendered on February 29, 2000, but correctly stated that it was entered on the docket on March 30, 2000. That error is immaterial, however, as the Court's finding that the one-year period under *Fed. R. Civ. P. 60(b)(1)* and *(3)* began on March 30, 2000, was correct.

[*4]

> n4 Judge Covello signed the judgment in Dittes on March 29, 2000, and it was entered on the docket on March 30, 2000 (although date-stamped on March 29, 2000). On May 15, 2000, Judge Covello denied Tibbetts' *Rule 59* motion for a new trial on the ground that it was not filed within ten days of the date of the judgment,

as required by *Rule 59(b)*, which mistakenly was listed as "February 29, 2000" in that ruling. Tibbetts filed a motion for reconsideration of that ruling, noting that the judgment was signed on March 29, 2000, and arguing, therefore, that his motion for a new trial, which was filed on April 8, 2000, was timely. On March 21, 2001, Judge Covello granted the motion for reconsideration on that ground, but denied Tibbetts' *Rule 59* motion for a new trial once again, finding that Tibbetts had failed to present sufficient grounds warranting a new trial. Tibbetts claims here that because this action was filed on September 18, 2001, and this was within one year of Judge Covello's decision on the reconsideration motion in Dittes, it was timely. However, the reconsideration motion did not toll the one-year period applicable to *Rule 60(b)(1)* and *(3)* motions, and the "start date" for that one-year period was March 29, 2000, the date that the judgment was signed and date-stamped in Dittes by Judge Covello, or March 30, 3000, the date it was entered on the docket. See also discussion in text.

[*5]

As the Court noted in the January 20, 2005 ruling, it is well settled that the one-year limitation period governing *Rule 60(b)(1)* and *(3)* motions for relief from judgment is not tolled by the filing of an appeal. See *King v. First American Investigations, Inc., 287 F.3d 91, 94 (2d Cir. 2002)* (citing cases); see also *Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000)* (stating that the one year limitation period governing *Rule 60(b)* motions for relief from judgment based on fraud is "absolute")(quotation omitted); *Transit Casualty Co. v. Security Trust Co., 441 F.2d 788, 791 (5th Cir. 1971)* (a *Rule 60(b)* motion "can be made even though an appeal has been taken and is pending"). Conversely, the filing of a *Rule 60* motion more than ten days after the entry of judgment does not toll the time to file an appeal. See *Fed. R. App. P. 4(a)(4)(A)(vi)*. Nor may extensions of time be granted by the Court to extend the one-year period applicable to *Rule 60(b)(1)* and *(3)* motions. See *Fed. R. Civ. P. 6(b)*. While the filing of a *Rule 59* motion may toll the applicable [*6] appeal period, that extended appeal period does not toll the one-year limitation period applicable to *Rule 60(b)(1)*-(3) motions. Cf. *King, 287 F.3d at 94*. Therefore, the filing of a *Rule 59* motion for a new trial or a motion for reconsideration of a decision on a *Rule 59* motion also does not toll the one-year period for filing a *Rule 60(b)(1)-(3)* motion, which is "absolute." *Warren, 219 F.3d at 114*.

Moreover, as the Court noted in its January 20, 2005 ruling, Tibbetts should have brought his *Rule 60* challenges in the action to which the motion is directed, i.e., the Dittes action and not this independent action. *S.E.C. v. Gellas, 1 F. Supp. 2d 333, 335 (S.D.N.Y. 1998)* (citing cases which establish that "the motion for relief from final judgment must be filed in the district court and in the action in which the original judgment was entered"); see also *Teltronics Servs., Inc. v. Anaconda-Ericsson, Inc., 587 F. Supp. 724, 729 (E.D.N.Y.1984)*, aff'd, *762 F.2d 185 (2d Cir. 1985)* (citing cases); 12 *Moore's Federal Practice (3d ed.) § 60.60[1]*. Consequently, even if his motions [*7] were timely, they would be denied for being filed in the wrong action. See *United States ex rel. Aigner v. Shaughnessy, 175 F.2d 211 (2d Cir. 1949)* (refusing to consider transforming improper collateral attack on denaturalization decree, made by way of habeas corpus petition, into *Rule 60(b)* motion because it was not filed in the court that rendered the original judgment).

**III Motion to Amend the Complaint**

Because the Court has denied Tibbetts' motion to alter or amend the judgment, there is no case or controversy pending before the Court. The proposed amendments would also be futile and untimely. Consequently, his motion to amend the complaint is denied as moot.

**IV Conclusion**

The motion to alter or amend the judgment **[Doc. # 93]** is **DENIED**, and the motion to amend the complaint **[Doc. # 102]** is **DENIED** as moot.

SO ORDERED this 31st day of August 2005, at Hartford, Connecticut.

**CHRISTOPHER F. DRONEY**

**UNITED STATES DISTRICT JUDGE**