UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAUL COPP | : | CIVIL ACTION NO. |
|    *Plaintiff* | : | 3:03cv0119 (AWT) |
| | : | |
| v. | : | |
| | : | |
| THE STATE OF CONNECTICUT | : | |
| DEPARTMENT OF VETERANS' | : | |
| AFFAIRS, et al | : | |
|    *Defendants* | : | JANUARY 23, 2007 |

**PARTIES' FILING IN RESPONSE TO**
**EVIDENTIARY HEARING SCHEDULING ORDER**

Pursuant to the court's order filed December 13, 2006, the parties[1] hereby notify the court that the parties have arrived at the following stipulations of fact.

     1.    On May 25, 2006, a settlement conference was held before Magistrate Donna Martinez.

     2.    At the May 25, 2006, the Plaintiff and counsel for the defendant agreed to settle the case.

     3.    The United States District Court Docket Summary, Document #73, dated May 25, 2006 reads, "SETTLEMENT CONFERENCE held. Case settled."

     4.    United States District Court Docket Summary, <u>Copp v.</u> <u>Veterans' Affairs</u>, Civil Docket No. 3:03cv00119(AWT), may be introduced as an exhibit without objection.

     5.    On June 18, 2006, M.J. McCarthy, Assistant Attorney General, mailed to Plaintiff a Settlement Agreement.

     6.    The June 18, 2006, Settlement Agreement may be introduced as an exhibit without objection.

     7.    The parties agree that paragraphs 1-4, 6-9 and 11-19 of the June 2006 Settlement Agreement accurately reflected the parties' intentions at the time of the May 25, 2006 Conference.

---

[1] The parties discussed these stipulations by phone and via email. Plaintiff has reviewed these stipulations and has authorized Counsel for the Defendants to file these stipulations on behalf of Plaintiff.

8. The parties acknowledge that paragraph 5 of the Settlement Agreement accurately memorialized the terms of the agreement reached at the May 25 Settlement Conference. However, the Plaintiff believes the Defendants should pay a higher monetary amount as a penalty for Defendants' behavior of acting in bad faith. Plaintiff also believes that if the Defendants are unwilling to provide notice to a larger group of persons than listed in paragraph 10 of the Settlement Agreement (see below) the monetary amount in paragraph 5 should be increased to allow for such notice and penalty.

9. The parties acknowledge that paragraph 10 of the Settlement Agreement accurately memorialized a portion of the agreement reached at the May 25 Settlement Conference. The Plaintiff believes that due to the serious nature of the allegations at issue notice on a broader scale is necessary.

                                DEFENDANTS

                                RICHARD BLUMENTHAL
                                ATTORNEY GENERAL

                                Richard J. Lynch
                                Assistant Attorney General


                        BY:     _____/s/_____
                                Darren P. Cunningham
                                Assistant Attorney General
                                Federal Bar No. ct25380
                                Office of the Attorney General
                                55 Elm Street, P.O. Box 120
                                Hartford, CT  06141-0120
                                Tel.:  (860) 808-5210
                                Fac.:  (860) 808-5385
                                darren.cunningham@po.state.ct.us

**CERTIFICATION**

I hereby certify that a copy of the foregoing was filed electronically with a copy mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 23rd day of January, 2007, first class postage prepaid to:

Paul Copp
100 Executive Square, Apt. 1210
Wethersfield, CT  06109-3820
(860) 436-9650

_____/s/_____
Darren P. Cunningham
Assistant Attorney General