United States District Court
District of Connecticut
450 Main Street
Hartford, Connecticut 06103

Paul Copp,
    Plaintiff, pro se
v.

Civil Action No.
3:03cv0119 (AWT)

State of Connecticut
Dept of Veterans Affairs, et al
    Defendants

March 1, 2007

## OBJECTION TO MAGISTRATE JUDGE'S RECOMMENDED RULING ON MOTION FOR RECONSIDERATION AND TO REOPEN

1. While the plaintiff is untrained in the law, it is obvious to anyone connected with this case, that this case would not have reached this juncture without her, the Magistrate Judge. She has been instrumental in guiding the two parties to a near settlement. It is my belief that it is unfair to Magistrate Martinez to place her in the position she finds' herself in, at this disputed point in this case.

2. The plaintiff, respectfully objects to her ruling for the following reasons:
   <u>A.</u> The settlement agreement itself, was not considered by the Court, (although it was used by the petitioner and by the defendants during the evidentiary hearing. In fact, the settlement agreement was introduced by the defendants as an exhibit for the hearing.
   This contract was not meant to be a final copy by the defendants.
   This Contract ("<u>settlement agreement and general release</u>") in paragraph 12. (5th page) states: "The plaintiff represents and agrees [with the Assistant Attorney General] that he fully understands his <u>*right*</u> to discuss any and all aspects of the settlement agreement with a private attorney, and that he has availed himself of this <u>*right*</u> to the full extent he desired to do so...." (and before signing the contract.)

1

So the Attorney General *encouraged* the plaintiff to carefully read the agreement, with the assistance of a private attorney so that it reflected accurately what was agree to, and implicit in this statement, the plaintiff is encouraged to make the necessary changes required to accurately reflect the agreement. In the Attorney Generals' cover letter with "signing instructions", the Attorney General further indicates *the importance of the plaintiff's agreement as she states:* "Both documents *must be signed in the presence of a notary.*"

B.  Contract (settlement agreement) creation convenience. As the plaintiff is pro se, the Magistrate Judge asked the Attorney General to reduce the agreement to writing, so that it would be in proper legal form.

I have earned my living in the business world for over 35 years, and have negotiated and signed hundreds of contracts. I am treating this settlement agreement as a contract between two parties. I realize that there is case law concerning both contracts and settlement agreements, so the Courts have differentiated between the two classes of contracts, but not by much. This case is one that no two businessmen would agree to. After an agreement is reached, *without consultation with the other*, a contract is produced by one, and is expected to be valid and in force. And especially in this case, when the one who reduced the agreement to writing was under the pressure of changing jobs the next day. I did not know of the job change when the agreement was reached. One can only imagine how many cases she had to complete or hand off, plus the time spent on her new procedures methods necessary to 'hit the ground running' in her new job. The pressure should have been obvious to me on a late Sunday afternoon, June, 18, 2006, when she called to make me aware of her job change, (the next day), and to inform me that she was in process of "printing the agreement". She believed that she had completed the agreement and went over what she had written, and I had to point out the most important section, (to

2

me) that of fault notification, was omitted. She thanked me and stated that she had forgotten the point, and would address it. I did not hear from her again, and received the hard copy, dated (Sunday) May 18th, I believe, the next day Monday, when she was starting her new job. In the hard copy, she had only partially addressed the notification issue; it was incomplete. Many and all attempts to reach her, for correction of the hard copy, through the Office of the Attorney General failed.

I prefer to believe that it appears to be a case of human error caused by time pressures; but since it came at the last moment, it could also be, that she did not come to the negotiations authorized to fully negotiate on the matter of fault, and was later overruled by her client, and had to make the best of a problem. At the evidentiary hearing, and, as I recall?, while not under oath, she refused to answer accurately even as to what day she had called me, a Sunday, or if she had omitted the fault provisions in the original hard copy; only that she discussed several points with me.

While the plaintiff does not have a copy of the reporters transcript, on page 8, of the <u>RECOMMENDED RULING ON MOTION TO REOPEN,</u> the Attorney General is Quoted during cross of the evidentiary hearing "when asked what she understood Mr. Copp's goals to be at the settlement conference, Ms. McCarthy testified that she believed he wanted to resolve the case, to obtain some payment to defray the costs he had expended in litigation, and to MAKE SURE <u>THAT INDIVIDUALS</u> WERE MADE AWARE OF THE COMMISSIONIONERS LETTER." The disagreement is, on the part of the plaintiff, that in this liable and slander portion of the case, that <u>all individuals,</u> caused by the defendants to be convinced of that the liable and slander to be true, would be notified. All individuals caused by the defendants to be

3

convinced of that the liable and slander to true, under the previous Attorney General's drafted settlement agreement would not be notified.

What Judge in this Federal District, would accept a contract created by an adversary, and have that contract, expected to be immediately valid and in force, upon creation. That is what is being asked here.

3. Legal Standards. (as noted in <u>recommended ruling on motion to reopen</u>. P.8,9.10)

    a) <u>Fed. R. Civ. P 60 (b)</u> permits the Court to reopen a case for…fraud, misrepresentation, or other misconduct of an adverse party. This could only be proven under oath.

    b) <u>Fed. R. Civ. P 60 (b)</u> (3) Reopen for any reason "justifying relief from the operation of the judgment." In this case the notification intended is not operative, as <u>*all*</u> persons caused to believe in the libel and slander, caused by the defendants, are not notified, and will continue to believe the liable and slander.

    c) Contracts: "Under Connecticut law the proponent of a contract (The Attorney General) must prove the existence of a valid agreement." Omega Eng'r. Inc v. Omega S.A. 432 F.3d 437,447 (2d Cir. 2005)

To have the Attorney General, by human error, misconduct, or for any other reason, purposely, or by error reduce an agreement to hard copy for his client's benefit is not a valid agreement. In this case the contract was not completed as the Attorney General encouraged, and expected, the plaintiff to consult a private attorney for changes in the contract, if any, before signing. The rejection of this draft of the settlement

4

agreement is not caused by any change of mind, but because this draft prepared and presented by the defendants is incomplete, and the due process required by the proposed draft settlement agreement, to allow its review by the plaintiff, or attorney for the plaintiff, was not allowed to its conclusion.

The settlement agreement presented, therefore, is not a contract, or a settlement agreement.

**THEREFORE:**

The plaintiff therefore objects to the Recommended Ruling on Motion to Reopen and asks the Court to review it's recommendation and to Reopen the case.

Paul Copp  Pro-se
(apt. 210)
100 Executive Square
Wethersfield, CT 06109
Phone: (860)436-9650

Copy of the above was sent to:
Darren P. Cunningham, Asst. Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120  via U.S. Mail on March 1, 20007.

Paul Copp

5