**UNITED STATES COURT OF APPEALS**
**SECOND CIRCUIT**
UNITED STATES COURTHOUSE
FOLEY SQUARE
NEW YORK, NEW YORK 10017

## NOTICE OF APPEAL TO THE U.S. SECOND CIRCUIT COURT OF APPEALS FROM A JUDGEMENT AND ORDER OF THE DISTRICT COURT,

From the United States District Court for the District of Connecticut
Case Number: 3:03cv119 (AWT)

Paul Copp., Plaintiff
    Pro Se, and in forma Pauperas )
    v. ) Notice of Appeal
State of Connecticut Dept.
Of Veterans Affairs, et al., Defendants.)

Notice is hereby given that C. D., defendant above named, hereby appeals to the United States Court of Appeals for the Second Circuit from the final judgment from the **ORDER RE RECOMMENDED RULING**...Plaintiff's motion to re-open, and enforce the Settlement Agreement is denied; entered in this action on 13th day of March, 2007.

## History

The Plaintiff brought a civil action in Connecticut Federal District Court against the State of Connecticut Department of Veterans Affairs, Docket number 3:o3cv119 (AWT), in which the Plaintiff claims that he suffered certain injuries and losses as the result: 23 claims and allegations including but not limited to: denial of free association; the right to due process; RICO style assault and battery; Liable and Slander. The latter, after foiling a gang rape of a nurse, the Plaintiff was publicly named as the perpetrator of the act; then when the true perpetrators were known, (The Plaintiff received a commendation from the Commissioner.), the local State security officers and other executives and administrators continued to name the Plaintiff, as the perpetrator, in order to 'cover-up' their mistake and also the crime. The Plaintiff claims this a common practice against veterans.

1

To save the busy Court time, during a Status Conference, the Plaintiff agreed to an Out-of-Court settlement. The mechanics of the production of the settlement are listed in the <u>Objection to the Magistrate Judge's Recommended Ruling</u> (enclosed by the Clerk for the pro-se Plaintiff/Appealer), and the Plaintiff asks the Appellate Court to review the objections there presented.

<u>1.</u> The Plaintiff also asks the Appellate Court to examine the Local Rules of the District of Connecticut pertaining to 'closing of cases' after a settlement agreement had been reported reached by both parties, especially when one of the parties is untrained in the Law and acting pro-se. In this case the Magistrate Judge wisely asked the State Attorney General, representing the defendants to reduce to writing the settlement agreement in order that it be in proper legal form and 'correct'. Had the Plaintiff been represented by an attorney, that attorney and the Attorney General would have jointly produced and reduced to writing the hard copy agreement, and it would have included all key points. But since the Plaintiff was not involved in it's production, except for a telephone call on the afternoon before that Attorney General moved to a new non-Attorney General position the next morning; and because this last minute telephone conference showed and was agree to by the Attorney General, that the key point had been forgotten or at least omitted; and that when pointed out by the Plaintiff to the Attorney General, she agreed to put it in the agreement. When this, last minute, proposed agreement was received the next day by the Plaintiff the agreement, key portions were again omitted. Numerous attempts were made by the Plaintiff to contact that (then) former Attorney General with out success, and without any assistance of the Office of the

2

Attorney General. The Plaintiff as soon as possible contacted the Court to re-open. Since when the Settlement Conference ended, the Plaintiff believed that a reasonable agreement had been reached, he agreed to that fact. Under District Local Rules the case was reported closed on July 28, 2006.

<u>2.</u> In this situation the Local Rules are unfair to a petitioner who is untrained in the Law and acting pro-se, and these rules, in situations as this one, leave open the potential for a miscarriage. The perception of justice is potentially questioned. Had the Attorney General:

a) *Had she simply forgotten under the pressure of her last day on the job, and preparing for a new one within a few hours, the next calendar day?*

b) *Had she come fully authorized to negotiate the settlement?*

c) *Had she been over-ruled by her client after the agreement had been reached?*

<u>3.</u> The Plaintiff further asks this Court of Appeals to consider that under Title 28, of the United States Code, Section 455 the Magistrate Judge should have recused herself; although here participation was not extrajudicial, Omega 432 F. 3rd 437 (2nd Circuit 2005); she was so deeply involved in the negotiation of the settlement, that she would have been called as a material witness, had she not been on the bench. After all, it was the content of the actual settlement that is disputed. Under Omega, she was not <u>required</u> to recuse herself, but even the perception of justice would require her to recuse herself, as she was a necessary potential witness to the key and only disputed item.

<u>4.</u> The Plaintiff further asks this Appellate Court to rule on whether this Hard

3

considered by the District Court. The Plaintiff believes that the Settlement Agreement itself was not considered by the Court, although it was entered by the Defendants as an exhibit, and used by both the Defendants and the Plaintiff in the Court. The Plaintiff claims that this Settlement Agreement was not meant to be the final copy by the then Attorney General. The Agreement states: (par.12, 5th page.) "The plaintiff represents and agrees [with the Attorney General] that that he fully understands his <u>right</u> to discuss any and all aspects of the settlement agreement with a private attorney, and that he has availed himself of this <u>right</u> to the full extent he desired to do so..."(and before signing the contract). This was produced by the Attorney General, and encouraged the plaintiff to carefully read the agreement, with the assistance of a private attorney, so that the agreement accurately reflected what was agreed to, and implicit in this statement, the plaintiff is encouraged to make the necessary changes required to accurately reflect the agreement. In the Attorney Generals cover letter with "signing instructions", the Attorney General further indicates the importance of the plaintiff's 'agreement' as she states: 'Both documents must be signed in the presence of an notary." Therefore, the Settlement Agreement presented to the Plaintiff does not appear to be intended or construed to be the final hard copy contract, and the Plaintiff asks this Court to agree.

<u>EVENTS</u>
1. Pro se appointment by District Judge Thompson, (Hartford)

2. Leave to proceed in Forma Pauperis granted pursuant to 28 U.S.C. section 1915. Currently receiving benefits under title 19, W01, Au 050160409. Judge Dorsey, (New Haven)

4

The Plaintiff therefore asks this Appellate Court to review the District Courts Decision and to Re-open the case. Since the Settlement Agreement is still in dispute, the Plaintiff does not ask for enforcement of the Settlement.

Paul Copp
Pro-se and in forma Pauperas          March 20, 2007
Apt. 1210
100 Exec. Square
Wethersfield, CT 06109
(860) 436-9650


Copy of the above was sent to:
Darren P. Cunningham, Asst. Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
via U.S. Mail on March 20, 20007., and via Email


Paul Copp